**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Marilyn Wiley,

        Plaintiff,

v.

On Point Recovery & Transport LLC, et al.,

        Defendants.

No. CV-26-03152-PHX-DWL

**ORDER**

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 8), which the Court denies.

To proceed in forma pauperis, a plaintiff must establish a threshold level of financial need. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. . . . As this court has recognized, one need not be absolutely destitute to obtain benefits of the in forma pauperis statute. Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty.") (citations and quotation marks omitted).

Plaintiff originally submitted an affidavit that was almost entirely blank (Doc. 4), which the Court denied without prejudice, allowing Plaintiff to file a new application that clarifies her financial status. (Doc. 7.)

Plaintiff's new application clarifies that Plaintiff receives $2,468 per month in disability income, which totals $29,616 per year. (Doc. 8.) This income level exceeds

the exceeds the current federal poverty guidelines for a single-person household ($15,960).[1] *Badillo v. Comm'r of Soc. Sec.*, 2020 WL 2494575, *3 (E.D. Cal. 2020) ("In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services."). Plaintiff pays $2,500 per month for her apartment, but the average cost of a one-bedroom apartment in Maricopa, AZ is about $1,400. She has $3,329 in her checking and savings accounts.

"The Court is sympathetic to Plaintiff's financial constraints, [but] to qualify for IFP status, a plaintiff must be experiencing such poverty that the plaintiff cannot reasonably pay court costs without forgoing the normal necessities of life." *Reardon v. O'Malley*, 2024 WL 2160514, *2 (D. Idaho 2024). "Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses." *Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, *2 (E.D. Cal. 2025).

Accordingly,

**IT IS ORDERED** that Plaintiff's application (Doc. 8) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the filing fee by **July 24, 2026**.

**IT IS FURTHER ORDERED** that the Clerk of Court, without further notice, shall dismiss this case without prejudice if Plaintiff fails to pay the filing fee by **July 24, 2026**.

Dated this 30th day of June, 2026.

_____
Dominic W. Lanza
United States District Judge

---

[1] *Available at* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines/prior-hhs-poverty-guidelines-federal-register-references/2026-poverty-guidelines-computations

- 2 -